ORIGINAL



IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE JAMES HOGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-098 |
| | ) | |
| HUGH A. SMITH, Warden, and | ) | |
| THURBERT E. BAKER, Attorney | ) | |
| General for the State of Georgia, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Willie James Hogan filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS** that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Thurbert Baker be **DISMISSED** as an improper party

---

[2]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Respondent, that this petition filed pursuant to § 2254 be **DISMISSED**, and that this civil action be **CLOSED**.

## I. BACKGROUND

On December 14, 1990, a jury found Petitioner guilty of armed robbery. (Doc. no. 1, p. 3). Petitioner was sentenced to "life." (Id.). Petitioner's convictions were affirmed on appeal on September 29, 1992. (Id.). Petitioner filed a state habeas corpus petition in the Superior Court of Dodge County on April 23, 1993. (Id.). In this petition, Petitioner raised ineffective assistance of trial and appellate counsel. (Id.). These claims were denied on October 25, 1993. (Id. at 4). Thereafter, Petitioner filed a second state habeas corpus petition based on a claim of actual innocence. (Id.). This second petition for state habeas relief was denied. (Id.).

On October 27, 2008, Petitioner filed the instant federal petition and raised three grounds for relief: (1) "False Imprisonment" – in which Petitioner argues that his arrest warrant is void for various reasons, (2) "Violation of Oath by a Police Officer" – in which Petitioner argues that because he was unable to identify the individual the detective was purportedly seeking, the detective opted to arrest and charge Petitioner "with a crime that [had not been] investigated prior to [his] arrest," and (3) "Void Judgment" – in which Petitioner argues that the trial court for his underlying criminal trial lacked jurisdiction over Petitioner because, *inter alia*, the trial "judge authorized the jury to convict [] Petitioner of committing a crime where there is 'no law.'" (Doc. no. 1).

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996

2

("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Finality of Petitioner's Conviction

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, the Court presumes the instant case is governed by § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Petitioner filed a direct appeal, and the Georgia Court of Appeals affirmed Petitioner's convictions on September 29, 1992. Petition did not file a motion for reconsideration or file a notice of intent to apply for

3

certiorari to the Georgia Supreme Court, therefore, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's conviction became final in October 1992.

B. **Application of the Statute of Limitations**

Of key interest here, in the Eleventh Circuit, petitions filed after the enactment date of the AEDPA but attacking convictions which became final prior to that date are subject to a bright-line rule. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (*per curiam*). Prisoners whose convictions became final prior to the effective date of the AEDPA must be given a reasonable time after the statute's enactment to file their motions for habeas corpus relief, and "a reasonable period is until April 23, 1997, one year from the date of enactment of § 105 of the AEDPA." Id. (quoting Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998)). Thus, prisoners seeking federal habeas corpus relief from a conviction which became final prior to April 24, 1996 must have filed their petition in federal court by April 23, 1997, one year after the effective date of the AEDPA.

Petitioner did not bring the instant federal petition until October of 2008, more than ten years too late. Of course, a prisoner may delay the start of his AEDPA clock by showing that §§ 2244(d)(1)(B), (C), or (D) apply. A prisoner may delay the start of his AEDPA clock where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; where the State has created some "impediment" to filing the application; or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B), (C), and (D) (quoted *supra*).

4

Here, Petitioner alleges that the State has created some "impediment" to filing his federal application concerning his arrest warrant claim; however, he offers nothing as to the other claims he raised. (Doc. no. 7, pp. 6-8). Petitioner claims:

> It took Petitioner almost 18 years to receive a copy of the arrest warrant, the clerk of court didn't have a copy on file, the District Attorney had the arrest warrant and kept it from Petitioner and didn't release the arrest warrant until June, 2008.

(Doc. no. 1, p. 7). Notably missing from Petitioner's statement is when, in fact, Petitioner first attempted to secure a copy of his arrest warrant, and by what means, exactly, he undertook to secure said copy. Moreover, 18 years ago Petitioner was represented by counsel at all stages of his underlying criminal proceeding, as well as his appeal; as such, he cannot now attempt to claim a "State impediment" for something that could have been addressed 18 years ago. Petitioner has not shown that the State created an impediment to filing his application, or any other valid statutory grounds for extending the deadline for filing his petition. Thus, the Wilcox bright-line rule applies.

That said, "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 335 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a

5

showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner fails to make any argument that rises to the level of extraordinary circumstances which would justify equitable tolling. Moreover, Petitioner failed to provide an explanation of any efforts he made during the course of his 18 years to secure a copy of his arrest warrant. Therefore, Petitioner has not established that he used due diligence to secure a copy of his arrest warrant.

In sum, because (1) the above-captioned petition was filed after April 23, 1997, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments to support a claim of actual innocence,[2] Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

## C. Improper Respondent

Moreover, the Court also finds that Thurbert Baker is an improper party Respondent and should be dismissed. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must

---

[2]Although actual innocence may warrant consideration of an otherwise untimely federal petition, Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000), "[t]his exception is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). Notably, Petitioner does not raise an actual innocence argument in his federal habeas petition.

name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state Attorney General is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

As Petitioner is challenging the sentence for which he is currently incarcerated, Warden Smith is the proper Respondent, and Thurbert Baker should be **DISMISSED** as an improper party Respondent.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Thurbert Baker be **DISMISSED** as an improper party Respondent, that this petition filed pursuant to § 2254 be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of March, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE