ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 JUL 27 AM 10: 10

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| WILLIE JAMES HOGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 308-098 |
| ) | |
| HUGH A. SMITH, Warden, and ) | |
| THURBERT E. BAKER, Attorney ) | |
| General for the State of Georgia, ) | |
| ) | |
| Respondents. ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. The Magistrate Judge recommended that the instant petition, filed pursuant to 28 U.S.C. § 2254, be dismissed as untimely and that Thurbert E. Backer be dismissed as an improper party Respondent. (Doc. no. 3). In his objections, Petitioner does not contest the Magistrate Judge's finding that his petition is time-barred. Rather, Petitioner argues that it was not his intent to file a § 2254 petition; Petitioner maintains that he filed a motion seeking permission to proceed in the United States District Court under a void judgment claim pursuant to O.C.G.A. § 17-9-45 and O.C.G.A. § 9-12-6. (Doc. nos. 5, 6).[1]

---

[1] Petitioner filed an objection to the Report and Recommendation (doc. no. 5), and a motion to proceed in this Court pursuant to O.C.G.A. §§ 17-9-459-12-6 (doc. no. 6). The Court has considered both documents in the instant Order.

Petitioner explains that he sent a letter to the Clerk of Court asking if he would proceed on a void judgment claim in this Court, because, he believed he could not get a fair hearing on his claim in the state court. The Clerk of Court responded by providing Petitioner with an application for a § 2254 petition. Petitioner, believing he had to submit the application to proceed with his void judgement pursuant to O.C.G.A. §§ 17-9-4, 9-12-6, submitted the § 2254 application, along with the five dollar filing fee. Petitioner maintains that he was unaware that by filing the § 2254 application, he would be initiating the instant habeas petition.

To the extent Petitioner argues that he did not seek to file a § 2254, but sought to proceed with a void judgment claim pursuant to O.C.G.A. §§ 17-9-4, 9-12-6, his objections are **OVERRULED**. Petitioner seeks to directly attack his state court conviction in federal court. Petitioner requests that this Court either find that his state criminal judgment is void, or requests that this Court amend his conviction as to make it conform to the pleadings. "[A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004). As such, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. Id. Therefore, Petitioner's objection stating that he seeks post-conviction relief from this Court pursuant to State laws does not alter the Magistrate Judge's analysis that Petitioner is not entitled to relief.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Thurbert Baker is **DISMISSED** as an improper party

Respondent, this petition filed pursuant to § 2254 is **DISMISSED**, and this civil action is **CLOSED**.[2]

SO ORDERED this 27th day of July, 2009, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[2]For the reasons stated above, Petitioner's motion to proceed in this Court pursuant to O.C.G.A. §§ 17-9-45 9-12-6 (doc. no. 6) is **DENIED**.

3